UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:04-CR-647 CAS |
| ) | |
| MELODY SCHULER, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This closed criminal matter is before the Court on defendant Melody Schuler's Motion to Compel, which asks the Court to enter an order compelling the Federal Bureau of Prisons to place her in a Residential Re-entry Center (commonly known as a halfway house) for the last six months of her term of incarceration. The government opposes the motion and Schuler has replied. For the following reasons, the Court will deny the motion without prejudice, based on lack of jurisdiction.

**Background**.

On March 31, 2005, Schuler pleaded guilty to one count of transportation of stolen securities in interstate commerce, in violation of 18 U.S.C. § 2314. On June 30, 2005, the Court sentenced Schuler to a term of twenty-seven months imprisonment in the custody of the United States Bureau of Prisons ("BOP"). Schuler is presently incarcerated at the Pekin Federal Prison Camp in Pekin, Illinois. Schuler asserts that under Fults v. Sanders, 442 F.3d 1088 (8th Cir. 2006), and 18 U.S.C. § 3624, she is entitled to six months placement in a halfway house prior to her "re-entry into society," and that she should have been placed in a halfway house as of September 7, 2006. Mot. to Compel at 1.

The government opposes the motion on the basis that after Fults was decided, the Bureau of Prisons adopted a new policy that it would allow a prisoner to be considered for transfer to a halfway house prior to service of the last ten percent of her sentence, but the BOP will follow this policy only with respect to BOP prisoners housed in states located within the Eighth Circuit. The government states that because Schuler is being housed in a BOP facility in Pekin, Illinois, the Fults decision does

not require the BOP to give her any special consideration. The government also opposes the request on the basis that Schuler "victimized a number of business and individuals during her adult life. She is a recidivist embezzler who feeds a gambling and spending appetite with other people's money." Opposition at 1. The government states that Schuler is likely to be released to community confinement "sometime in 2007." Id. at 2.

Schuler moves to strike and dismiss the government's response and in the alternative replies in part that on May 11, 2006, she was "determined as qualified for pre-release and halfway house for December 16, 2006." Verified Mot. to Strike and Alternative Reply at 2, ¶ 5. Schuler contends that Fults controls, and is properly applied to BOP facilities outside of the Eighth Circuit particularly as there are "no female facilities in the 8th Cir." Id. at 3, ¶ 10.

**Discussion**.

In Fults, the Eighth Circuit held that a regulation promulgated by the BOP in 2005 which generally limited placement of an inmate in a halfway house to the lesser of ten percent (10%) of the total sentence or six months, was invalid on the basis that it was contrary to the provisions of 18 U.S.C. § 3621(b). Fults, 442 F.3d 1088, 1092.

Neither Schuler nor the government have addressed this Court's jurisdiction to review the instant motion. Nor has the government addressed how Schuler's motion is properly characterized. Generally, a challenge to the execution of a sentence, rather than to its validity or imposition, is properly filed in the court of incarceration pursuant to 28 U.S.C. § 2241. See Bell v. United States, 48 F.3d 1042, 1043 (8th Cir. 1995). Courts which have considered similar cases concerning claims for pre-release to a halfway house have held that an action pursuant to 28 U.S.C. § 2241 is the proper procedural vehicle, because they challenge the place of imprisonment:

> [Petitioner's] petition challenges the place of his imprisonment, including the differences in the manner and conditions of imprisonment (such as the degree of physical restriction and rules governing prisoners' activities) that distinguish [halfway houses] from other BOP penal facilities. [Petitioner's] claim is therefore not an attack on the lawfulness of his sentence, but rather an attack on the execution of his sentence, and as such is governed by § 2241.

Levine v. Apker, 455 F.3d 71, 78 (2d Cir. 2006). The Court notes that the Eighth Circuit's Fults decision also concerned a federal habeas petition. See Fults, 442 F.3d at 1089.

Although Schuler has filed a motion to compel in her closed criminal case, the relief she seeks is properly brought in a habeas action pursuant to 28 U.S.C. § 2241. The Supreme Court has instructed that a "writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-95 (1973). Consequently, a court may issue a writ of habeas corpus only if it is has jurisdiction over the petitioner's custodian. Id. In accordance with the Supreme Court's ruling, the Eighth Circuit has consistently held that a § 2241 habeas petition must be filed in the judicial district where the petitioner's current custodian is located. See, e.g., Copley v. Keohane, 150 F.3d 827, 830 (8th Cir. 1998); United States v. Hutchings, 835 F.2d 185, 187 (8th Cir. 1987).

In the instant matter, Schuler did not name her custodian as a party respondent and filed her motion to compel in the court of her sentencing, not the court of her incarceration. Because Schuler is incarcerated in Pekin, Illinois, this Court does not have jurisdiction over her custodian. As a result, the Court concludes that it lacks jurisdiction to address the motion to compel. If Schuler wishes to pursue a claim for relief under Fults, she should file a § 2241 habeas action in the federal district court of her confinement and name her custodian as a party respondent.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Melody Schuler's motion to compel is **DENIED** without prejudice, for lack of jurisdiction. [Doc. 47]

**IT IS FURTHER ORDERED** that defendant's motion to strike and dismiss the government's opposition memorandum is **DENIED**. [Doc. 49]

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  8th  day of December, 2006.